J-S49001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDIL OMAR RODRIGUEZ FUENTES | : | |
| | : | |
| Appellant | : | No. 174 MDA 2018 |

Appeal from the PCRA Order January 3, 2018
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000657-2005

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 05, 2018**

Fredil Omar Rodriguez Fuentes (hereinafter "Appellant" or "Mr. Fuentes") appeals *pro se* from the January 3, 2018 order that denied his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the relevant facts and procedural history of this matter as follows:

> Appellant's conviction follows a bizarre incident in which he stabbed his next door neighbor thirty-seven times with her own kitchen knives. In his confession, Appellant stated that the victim ... stepped out onto her front porch on the morning of June 10, 2005, wearing only her undergarments. When she saw Appellant, who was outside smoking, she asked if he was locked out of his home or if he needed to use a telephone. Appellant responded no to both questions and the victim turned and went into her house. For reasons not established by the record, Appellant followed the victim into her home and, when

_____

\*   Former Justice specially assigned to the Superior Court.

she attempted to ward him off with a knife, Appellant punched her, disarmed her, and then stabbed her multiple times. He first used the knife he had taken from her and then others that he took from the kitchen, as some of the knife blades bent during the multiple stabbings. After Appellant had inflicted thirty-seven stab wounds, he took off his bloody clothes and placed them inside two plastic garbage bags. He then locked the front door of the victim's house, washed his hands in the victim's sink, and exited through the back door, returning to his own home. The victim died from her injuries.

(**Commonwealth v. Fuentes**, No. 1288 MDA 2006, unpublished memorandum at *1-2 (Pa. Super. filed Oct. 10, 2007)).

On March 17, 2006, Appellant entered an open guilty plea, with the assistance of counsel and an interpreter, to one count each of criminal homicide and criminal trespass, and two counts of aggravated assault.[1] At the April 17, 2006 degree of guilt hearing, the trial court found Appellant guilty of murder of the first degree. On June 26, 2006, the court sentenced him to a term of life without the possibility of parole plus not less than three nor more than seven years' incarceration. Appellant appealed and this Court affirmed his judgment of sentence on October 10, 2007. (**See id**. at *1). Appellant did not seek review in the Pennsylvania Supreme Court.

On January 25, 2008, Appellant filed a first PCRA petition *pro se*. The court appointed counsel on February 7, 2008, and ordered him to file an amended petition on Appellant's behalf. On May 14, 2010, counsel filed an amended PCRA petition, and, on May 21, 2010, [pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*),] he filed a **Turner/Finley** "no-merit" letter and a motion to withdraw. On May 27, 2010, the court granted counsel's motion [to withdraw], but did not address Appellant's [PCRA] petition. (**See** Order, 5/27/10). On July 1, 2016, Appellant filed a second *pro se* amended PCRA petition. On

---

[1] 18 Pa.C.S. §§ 2501(a), 3503(a)(1)(i), 2702(a)(1), and 2702(a)(4), respectively. The aggravated assault convictions merged for purposes of sentencing. N.T., Sentencing, 6/26/06, at 25.

September 8, 2016, the PCRA court issued notice of its intent to dismiss Appellant's [PCRA] petition without a hearing. **See** Pa.R.Crim.P. 907(1). On October 3, 2016, Appellant filed objections to the court's notice. The court dismissed Appellant's [PCRA] petition on October 4, 2016. (**See** Order, 10/04/16). Appellant timely appealed *pro se* on October 27, 2016. Appellant's current, privately retained PCRA counsel, entered his appearance in this [c]ourt on November 28, 2016.

**Commonwealth v. Fuentes**, 178 A.3d 202, 1858 MDA 2016 (Pa. Super. filed September 27, 2017) (unpublished memorandum at 1) (footnotes omitted). After review, this Court affirmed the order denying Appellant's PCRA petition. **Id.** at 3.

On November 6, 2017, Appellant filed the PCRA petition underlying the instant appeal. On November 14, 2017, the PCRA court sent Appellant notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant sought and was granted an extension of time in which to respond to the PCRA court's Rule 907 notice. Appellant filed his response to the Rule 907 notice on December 22, 2017, and on January 3, 2018, the PCRA court denied Appellant's petition. On January 22, 2018, Appellant filed a timely appeal. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents eight issues, which are set forth *verbatim* as follows:

A. Did the PCRA Court err in concluding that Mr. Fuentes' 3 d PCRA was not an amendment to the timely filed 1st PCRA when no order ever issued dismissing 1st ?

B. In relation to IV. A.; Did the PCRA Court err in concluding that Mr. Fuentes' 3d PCRA was not an amendment and met timeliness exceptions; when the PCRA Court proved in its own Orders that he was abandoned twice by PCRA attorneys ?

C. Did the PCRA Court err in finding that Mr. Fuentes' petition did not meet newly-discovered fact timeliness exception or that the PCRA time-bar was unconstitutional as applied; where he alleged that Trial/Direct Appeal attorneys abandoned him when they refused to file requested Petition for Allowance of Appeal; and; refused to raise the issue that Trial Court did not ask all 6 mandatory questions during colloquy ?

D. Did the PCRA Court err in finding that Mr. Fuentes' petition did not meet newly-discovered fact timeliness exception or that the PCRA time-bar was unconstitutional as applied; where he alleged abandonment by two PCRA attorneys ?

E. Did the PCRA Court err in finding Mr. Fuentes' petition did not meet the newly-discovered fact timeliness exception or that the PCRA time-bar was unconstitutional as applied; where he alleged that original PCRA Counsel failed to have his appellate rights restored nunc pro tunc ?

F. Was second PCRA Counsel ineffective by failing to argue ineffectiveness of Trial/Direct Appeal; and first PCRA counsel's; ineffectiveness in neglecting to assert that Mr. Fuentes' Fifth Amendment right to counsel and his corresponding state constitutional right to counsel were violated when police questioned him after he asked for an attorney ?

G. Was first and second PCRA counsel ineffective for failing to file meritorious amended PCRA as ordered by PCRA Court ?

H. Was Trial/Direct Appeal attorneys Greco and Best; as well as PCRA attorneys Seward and Browning; ineffective for refusing to raise the meritorious grounds that there were that mitigating circumstances that would have demanded a conviction/sentence for 3d Degree; rather than 1st Degree; Murder ?

Appellant's Brief at 4.

- 4 -

At the outset, we are constrained to note that Appellant's brief is largely a broad-brushed attack on prior counsel and a conclusory assessment of previous proceedings. Appellant's brief is accusatory and lacks pertinent citations to the record or relevant legal authority. "Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." ***Commonwealth v. Blakeney***, 108 A.3d 739, 766, (Pa. 2014). With these principles in mind, we proceed with our analysis, and we begin with our standard of review.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Additionally, a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This

time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

§ 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Furthermore, in order to be eligible for PCRA relief, the petitioner must plead and prove that the alleged error has not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). "For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

As noted above, Appellant was sentenced on June 26, 2006, and this Court affirmed Appellant's judgment of sentence on October 10, 2007. Appellant did not file a petition for allowance of appeal in the Supreme Court of Pennsylvania. Accordingly, Appellant's judgment became final on November 9, 2007, and he had one year in which to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Thus, the instant PCRA petition, which Appellant filed on November 6, 2017, is patently untimely. However, as stated above, if a petitioner does not file a timely PCRA petition, his petition

nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1).

In Appellant's issues A and B, he attempts to establish that his third PCRA petition should be deemed an amendment to his first PCRA petition because the PCRA court never ruled on the first petition. Appellant's Brief at 15. As we noted above, Appellant's first PCRA petition was timely, and inexplicably, the PCRA court, while ruling on counsel's petition to withdraw, did not rule on the PCRA petition. However, after review of Appellant's second PCRA petition and counseled appeal, this Court's 2017 decision addressed that earlier procedural misstep and ended the litigation of Appellant's first and second PCRA petitions. *Commonwealth v. Fuentes*, 178 A.3d 202, 1858 MDA 2016 (Pa. Super. filed September 27, 2017) (unpublished memorandum). Thus, we conclude that there is no merit to Appellant's assertion that his third PCRA petition is in any way an amendment to his first PCRA petition, and Appellant has not established an exception to the PCRA's timing requirements.

In issues C, D, and E, Appellant alleges that his PCRA petition was timely pursuant to the newly discovered evidence exception[3] to the PCRA's timing requirements. Appellant's Brief at 16-18. However, Appellant's argument consists only of his averment that he was abandoned by counsel at trial and

---

[3] 42 Pa.C.S. § 9545(b)(1)(ii).

in his direct appeal. *Id.* at 16-17. These clams are waived as they could have been raised either on direct appeal or in Appellant's previous PCRA petitions. *Commonwealth v. Spotz*, 18 A.3d 244, 270 (Pa. 2011); 42 Pa.C.S. § 9543(a)(3); and 42 Pa.C.S. § 9544(b).

In issues F, G, and H, Appellant provides a litany of unsupported claims of ineffective assistance of counsel and assertions of trial court error. Appellant's Brief at 18-19. Once again, these issues are waived as they could have been raised on direct appeal or in a prior PCRA petition. *Spotz*, 18 A.3d at 270; 42 Pa.C.S. § 9543(a)(3); and 42 Pa.C.S. § 9544(b).

After review, we conclude that Appellant's PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court lacked jurisdiction to address any claims presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/05/2018

- 9 -